IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

ROBERT TURNER,                          *

    Plaintiff,                          *

vs.                                     *

                             CASE NO. 3:25-CV-41 (CDL)

QUIKTRIP CORPORATION,                   *

    Defendant.                          *

## O R D E R

Robert Turner slipped and fell as he walked across a freshly mopped floor in a QuikTrip store.  He brought this premises liability action against QuikTrip Corporation.  QuikTrip seeks summary judgment, arguing that Turner cannot recover because he knew the floor was wet before he walked on it.  For the reasons set forth below, the Court grants QuikTrip's summary judgment motion (ECF No. 12).

### SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing

party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

The present record includes two video recordings of Turner's fall and the events leading up to it.  In determining whether there is a genuine fact dispute, the Court must view "the facts in the light depicted by the" recordings and may not adopt a version of the facts that is "utterly discredited" by the recordings.  *Scott v. Harris*, 550 U.S. 372, 380-81 (2007).  "But where the recording does not clearly depict an event or action, and there is evidence going both ways on it," the Court must take the plaintiff's version of what happened.  *Shaw v. City of Selma*, 884 F.3d 1093, 1097 n.1 (11th Cir. 2018).

## FACTUAL BACKGROUND

Robert Turner stopped for ice and coffee at a QuikTrip store in Loganville, Georgia.  He walked to the drinks area, which had just been mopped.  Def.'s Mot. Summ. J. Ex. 4, SF Fountain Video at 5:51:29 PM - 5:51:47 PM.  A QuikTrip employee was still mopping the rest of the store, working her way from the corner opposite the drinks area toward the drinks area.  *Id.* at 5:51:43 PM – 5:53:27 PM.  Turner walked out of the drinks area and began walking toward the QuikTrip employee, who was directly in his path and was

2

still mopping the floor.  *Id.* at 5:53:28 PM – 5:53:30 PM.  The QuikTrip employee, holding her mop, moved out of Turner's path so he could pass by and walk over the area she had just mopped.  *Id.* at 5:53:30 PM – 5:53:35 PM.  She resumed mopping after Turner passed.  A few seconds later, Turner fell on the section of floor that had been mopped about a minute before.  *Id.* at 5:53:38 PM – 5:53:41 PM, 5:52:09 PM – 5:52:38 PM; *accord* Def.'s Mot. Summ. J. Ex. 5, SF Cooler Video at 5:53:38 PM – 5:53:41 PM, 5:52:09 PM – 5:52:38 PM.

There was no visible wet floor sign in the store, but it is undisputed that as Turner walked toward the counter, he saw the employee mopping in his path because she was "right in front of" him.  Turner Dep. 118:16-21, ECF No. 12-3.  Turner "passed the lady . . . standing with the mop [and then] slipped and fell." *Id.* at 56:23-25.  Turner knew that the floor was wet because he saw the QuikTrip employee "splashing water everywhere" and "slopping the water."  *Id.* at 54:20-55:9, 118:2-3.  He could also see that the floor was wet.  *Id.* at 119:16-19.  He thought he "should be able to just go on [and] walk across to get to the counter."  *Id.* at 118:3-5.  Although Turner testified that there was a puddle of water on the floor that he did not notice until after he fell, the video recordings do not support this statement. Both videos show that the floor was shiny and wet just before Turner's fall, but neither video shows any discernable puddle.  SF

3

Fountain Video 5:53:38 PM – 5:53:41 PM, 5:52:09 PM – 5:52:38 PM; *accord* SF Cooler Video at 5:53:38 PM – 5:53:41 PM, 5:52:09 PM – 5:52:38 PM.

## DISCUSSION

In Georgia, to recover on a premises liability slip and fall claim, a plaintiff must show that: "(1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control." *Allen v. ABM Aviation, Inc.*, 847 S.E.2d 13, 15 (Ga. Ct. App. 2020) (quoting *Pipkin v. Azalealand Nursing Home*, 793 S.E.2d 568, 571 (Ga. Ct. App. 2016)).[1]  But the Georgia courts have made it clear that a person cannot maintain a premises liability slip-and-fall action if he knows that a floor is wet and voluntarily chooses to walk across it anyway.  If "the evidence is 'plain, palpable, and undisputed' that [the plaintiff] had knowledge of the hazard" before the fall, then the defendant is entitled to summary judgment. *Id.*

In *Allen*, for example, the Georgia Court of Appeals affirmed summary judgment in favor of a cleaning contractor because it was

---

[1] There is no dispute that the Court has diversity jurisdiction over this action because the parties are citizens of different states and the amount in controversy exceeds $75,000.  There is also no dispute that Georgia law applies in this diversity case because Turner slipped and fell in a Georgia QuikTrip store.

4

undisputed that the plaintiff who slipped and fell on a wet floor saw a wet floor sign and someone mopping the floor but walked across the wet floor anyway.  *Id.* at 15.[2]  *See also Smith v. NT Nails, LLC*, 770 S.E.2d 646, 648 (Ga. Ct. App. 2015) (affirming grant of summary judgment in favor of the defendant nail salon because the plaintiff knew that the floor had just been mopped and was "concerned" about it but decided to walk on the freshly mopped floor); *Briddle v. Cornerstone Lodge of Am.*, 654 S.E.2d 188, 189 (Ga. Ct. App. 2007) (affirming grant of summary judgment for the defendant hotel because the plaintiff was aware that the floor was wet and chose to walk on it); *Music v. Steamco, Inc.*, 593 S.E.2d 370, 371 (Ga. Ct. App. 2004) (affirming grant of summary judgment in favor of the defendant restaurant because the plaintiff knew that there was water on the steps where she fell and thought the situation looked dangerous but decided to take the steps).

Here, Turner's main contention is that although he saw the QuikTrip employee mopping the floor right in front of him and knew that the floor was wet, he slipped because there was a puddle on the floor that he did not see.  The Court understands that summary judgment is not appropriate when there is a fact dispute on whether

---

[2] Inexplicably, Turner argues that the *Allen* court found a fact dispute on the plaintiff's knowledge of the hazard and reversed summary judgment. The plain text of the case, however, states that the Georgia Court of Appeals *affirmed* the grant of summary judgment because it was "plain, palpable, and undisputed" that the plaintiff had equal knowledge of the risk.  *Allen*, 847 S.E.2d at 15-16.

the plaintiff perceived that the floor was wet before he fell. *See Mairs v. Whole Foods Mkt. Grp., Inc.*, 694 S.E.2d 129, 131-32 (Ga. Ct. App. 2010) (finding genuine fact dispute on whether the plaintiff saw that the floor was wet before she fell); *Laffoday v. Winn Dixie Atlanta, Inc.*, 510 S.E.2d 598, 599 (Ga. Ct. App. 1998) (finding genuine fact dispute on whether the plaintiff was aware of a wet floor because although she generally knew that the supermarket's produce preparation area could collect water, she did not know that the specific area where she fell was wet); *Grovner v. Winn Dixie Stores, Inc.*, 462 S.E.2d 427, 428 (Ga. Ct. App. 1995) (finding genuine fact dispute on whether the plaintiff was aware of a wet floor because she testified that she did not see a cone or a mop bucket until after she fell).  But here, even if the video recordings supported Turner's testimony about the puddle (which they do not), Turner undisputedly knew that the floor was wet and decided to walk on it anyway.  This is not a case where there is a fact dispute on whether Turner could perceive the hazard; it is a case where he admits that he knew the floor was wet before he attempted to walk across it.  Accordingly, the Court grants QuikTrip's summary judgment motion (ECF No. 12).

IT IS SO ORDERED, this  20th day of April, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA